# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL LUNA,<br><br>        Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>        Defendant. | No. 2:16-cv-409-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 16, 17 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 16, 17. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion (ECF No. 16) and grants Defendant's motion (ECF No. 17).

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1 Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed a previous application for benefits on June 30, 2009. Tr. 14. An administrative law judge (ALJ) approved the claim on December 23, 2010. Tr. 78-89. Plaintiff's benefits were ceased on January 16, 2013. Tr. 14.

Plaintiff protectively filed applications for Title II disability insurance benefits and for Title XVI supplemental security income benefits on April 16, 2013, alleging a disability onset date of January 1, 2008. Tr. 225-38. The applications were denied initially, Tr. 150-57, and on reconsideration, Tr. 160-64. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on May

19, 2015. Tr. 38-77. On September 1, 2015, the ALJ denied Plaintiff's claim. Tr. 11-30.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 16, 2013. Tr. 16. At step two, the ALJ found Plaintiff has the following severe impairments: disorder of the spine, obesity, depression, anxiety, anti-social personality disorder, and post-traumatic stress disorder (PTSD). Tr. 16. At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 17. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [H]e is limited to lifting up to twenty pounds occasionally and ten pounds frequently, sitting up to six hours a day, and standing/walking up to two hours a day. He would also require a sit/stand option. In addition, the claimant can never climb ladders, ropes, or scaffolds, but he can occasionally climb stairs/ramps. He can also occasionally crawl, crouch, kneel, and stoop. The claimant can perform simple, repetitive up to three-step tasks, but no detailed work. He is limited to superficial contact with the general public, and occasional contact with co-workers.

Tr. 19.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 23. At step five, after considering the testimony of a vocational expert, the ALJ found there are jobs that exist in significant numbers in the national

economy that Plaintiff can perform, such as small parts assembler, addresser/hand packager, and final assembler. Tr. 24. Thus, the ALJ concluded Plaintiff has not been under a disability since January 16, 2013, the date of cessation. Tr. 24. On October 12, 2016, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence;
2. Whether the ALJ properly evaluated the lay opinion evidence; and
3. Whether the ALJ properly found at step five that Plaintiff could perform other work in the national economy.

ECF No. 16 at 7.

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff contends the ALJ improperly rejected Dr. Arnold's assessed limitations. ECF No. 16 at 10-13. There are three types of physicians: "(1) those

who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater,* 81 F.3d 821, 830-831 (9th Cir. 1995)).

Dr. Arnold examined Plaintiff on June 10, 2013. Tr. 341-44. Dr. Arnold diagnosed Plaintiff with mood disorder, not otherwise specified; anxiety, not otherwise specified; and antisocial personality disorder. Tr. 342. Dr. Arnold opined Plaintiff's depressed mood and pain would have a chronic and constant effect on Plaintiff's ability to work, and Plaintiff's mood instability would have a chronic and episodic effect on Plaintiff's ability to work. Tr. 342. Finally, Dr. Arnold opined Plaintiff's impairments would cause moderate and marked effects on his ability to perform basic work activities. Tr. 343.

The ALJ gave Dr. Arnold's opinion little weight. Tr. 21. Dr. Arnold's opinion was contradicted by Dr. Moore, Tr. 50-51, Dr. Clifford, Tr. 99-101, 111-13, Dr. Haney, Tr. 126-28, and Dr. Zimberoff, Tr. 355-56. Therefore, the ALJ needed to identify specific and legitimate reasons to discredit Dr. Arnold's opinion. *Bayliss*, 427 F.3d at 1216.

First, the ALJ found Dr. Arnold's opinion was not explained. Tr. 21. Factors relevant to evaluating any medical opinion include the amount of relevant evidence that supports the opinion and the quality of the explanation provided in the opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

Here, the ALJ accurately noted that Dr. Arnold assessed Plaintiff as having moderate or marked limitations on all of the listed work activities, but Dr. Arnold provided no explanation for these findings and significant limitations. Tr. 21, 341-44. This is a specific, legitimate reason to assign less weight to the opinion.

Second, the ALJ found Dr. Arnold's opinion was inconsistent with his own examination findings. Tr. 21. A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray*, 554 F.3d at 1228; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Moreover, a physician's opinion may be rejected if it is unsupported by the physician's treatment notes. *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (affirming ALJ's rejection of physician's opinion as unsupported by physician's treatment notes). Here, Dr. Arnold assessed entirely moderate and marked limitations. Tr. 343. However, the ALJ noted Dr. Arnold's examination notes show Plaintiff had an appropriate appearance, normal speech, cooperative attitude, and his mental status examination was mostly within normal limits. Tr. 21, 344. These findings are inconsistent with the severity of Dr. Arnold's assessed limitations. This is a specific, legitimate reason to assign less weight to the opinion.

Plaintiff offers other evidence in the record that Plaintiff contends supports Dr. Arnold's assessment. ECF No. 16 at 11-12. Even considering the evidence

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

identified by Plaintiff, such evidence does not establish that the ALJ's decision is unsupported by substantial evidence, particularly considering that Dr. Arnold's opinion was in conflict with the remaining providers. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld). The ALJ gave specific and legitimate reasons to discredit Dr. Arnold's opinion. Thus, the ALJ did not err in rejecting this opinion.

**B. Lay Testimony**

Next, Plaintiff contends the ALJ improperly discounted the lay testimony of Plaintiff's mother, Maria Luna. ECF No. 16 at 13-14. An ALJ must consider the testimony of lay witnesses in determining whether a claimant is disabled. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony regarding a claimant's symptoms or how an impairment affects ability to work is competent evidence and must be considered by the ALJ. If lay testimony is rejected, the ALJ "'must give reasons that are germane to each witness.'" *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

The ALJ considered testimony from Plaintiff's mother, Maria Luna, Tr. 22-23, 318-19, and gave it little weight because the ALJ found it was inconsistent with Plaintiff's self-reported activities of daily living. Tr. 22-23. Inconsistency with a

claimant's daily activities is a germane reason to reject lay testimony. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163-64 (9th Cir. 2008); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

Ms. Luna testified that Plaintiff was "depressed on a daily basis," often "in his bedroom, isolated, stuck in bed," had to be prompted to rise and shower, would not cook for himself, could not complete yardwork or housework tasks, and had to rest after 20 to 25 minutes of doing chores. Tr. 318-19. However, Plaintiff reported playing basketball, football, and racquetball, Tr. 396, 401; visiting his oldest child twice a week, Tr. 397; fishing, Tr. 397, 400; rising and showering daily, Tr. 399; providing childcare for his two youngest children five days a week, Tr. 399; doing household chores, cooking, and yardwork, Tr. 400; assisting his father with all of his household chores, Tr. 400; regularly communicating with all five of his children, Tr. 400; reading for pleasure, Tr. 401, 402; repairing his mother's car, Tr. 401; having an active social life with friends, family, and at NA meetings, Tr. 401-02; attending church every week, Tr. 402; and assisting friends with physical tasks like assembling a boat and chopping down a tree, Tr. 402. Although Ms. Luna testified that Plaintiff's physical and mental condition had not improved since 2011, the ALJ rejected this opinion as inconsistent with Plaintiff's self-reported activities of daily living and social activities. Tr. 23, 319. The inconsistencies between Ms. Luna's testimony and Plaintiff's activities of daily

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

living are a germane reason to reject Ms. Luna's testimony. The ALJ did not err in rejecting this evidence.

### C. Step Five

Plaintiff contends the ALJ's step five finding regarding Plaintiff's ability to perform work are not supported by substantial evidence because the testimony from the vocational expert was based on an improper hypothetical. ECF No. 16 at 14-16. The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflects all of the claimant's limitations. *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. The ALJ is free to accept or reject these restrictions as long as they are supported by substantial evidence, even when there is conflicting medical evidence. *Id.*

The ALJ's hypothetical reflects the RFC. Tr. 19, 328. In challenging this hypothetical, Plaintiff assumes the ALJ erred in evaluating the evidence of Plaintiff's limitations. ECF No. 16 at 14-16. However, aside from Dr. Arnold's opinion and Ms. Luna's lay testimony, discussed *supra*, Plaintiff fails to challenge the ALJ's evaluation of the remainder of the evidence. ECF No. 16 at 10-16. As such, the Court is not required to address the ALJ's evaluation of the remaining evidence. *See Carmickle*, 533 F.3d at 1161 n.2 (The Court does not address

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

findings that the claimant failed to argue with specificity in his briefing). The ALJ's hypothetical to the vocational expert was based on the evidence and reasonably reflects Plaintiff's limitations. Thus, the ALJ's findings are supported by substantial evidence and are legally sufficient.

## CONCLUSION

After review, the Court finds that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (ECF No. 16) is **DENIED.**

2. Defendant's motion for summary judgment (ECF No. 17) is **GRANTED.**

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE DEFENDANT**, provide copies to counsel, and **CLOSE THE FILE.**

DATED December 1, 2017.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15